# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNG PHUOC PHUNG, | Case No. SA CV 12-924 GHK (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION |
| ERIC HOLDER, et al., | |
| Respondents. | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the action: (a) as moot; and (b) for Petitioner's failure to prosecute the action.

This is a federal habeas action brought by an individual seeking relief from immigration detention. Petitioner apparently signed his petition while in custody in April 2012, although the proof of service shows that it was not mailed to the Court until June 6, 2012. (Docket # 1 at 11-12.) Magistrate Judge Wilner ordered the petition served on the government. (Docket # 3.)

In its response to the petition, the government explained that Petitioner was released from immigration detention on June 7, 2012. (Docket # 6 at 2.) The government suggested that the habeas action was moot and should be dismissed.

In addition, Petitioner apparently failed to update the Court with his current mailing address. An earlier order sent to Petitioner at his address of record – a custody facility in Orange County – was returned as undeliverable. (Docket # 5.) The Court subsequently issued an order to show cause why the action should not be dismissed as moot and for failure to comply with Local Rule 41-6 (requirement that pro se litigants update mailing address with Court). (Docket # 7.) The Court sent the OSC to Petitioner's former detention address (also returned as undeliverable) and what it believed to be his previous residence. Petitioner failed to file any response to the OSC to date.

* * *

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).

In the present action, Petitioner filed a federal habeas action challenging his immigration detention. He was subsequently released from custody – which would render the action moot – and failed to update his address with the Court. Several court orders have been returned as undeliverable. Moreover, Petitioner failed to respond to a specific order to show cause regarding the viability of the action. As a

result, the Court concludes that Petitioner does not wish to advance his case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. The Court finds that dismissal is appropriate under Rule 41(b).

The Court therefore orders that the action be DISMISSED for the reasons stated above.

IT IS SO ORDERED.

DATED: 8/3, 2012

_____
HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE